1  CDF LABOR LAW LLP
    Mark S. Spring, State Bar No. 155114
2      mspring@cdflaborlaw.com
    Carolina A. Schwalbach, State Bar No. 280783
3      cschwalbach@cdflaborlaw.com
    Tashayla Billington, State Bar No. 307050
4      tbillington@cdflaborlaw.com
  900 University Avenue, Suite 200
5  Sacramento, CA 95825
Telephone:  (916) 361-0991
6
Attorneys for Defendant
7  SANOFI-AVENTIS U.S.

8             **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11  DELAINE BERNARD, an individual,    ) Case No. 2:21-CV-07578 TJH (ADSx)
                               )
12           Plaintiff,         ) [Removed From Los Angeles Superior
    vs.                     ) Court, Case No. 21STCV20482]
13                               )
SANOFI-AVENTIS U.S.; and DOES 1  ) [Discovery Document: Referred to
14  through 25,                   ) Magistrate Judge Autumn D. Spaeth]
                             )
15          Defendants.      ) **STIPULATED PROTECTIVE**
                             ) **ORDER**
16                               )
                           ) Action Filed:  June 1, 2021
17                           )

18

19

20

21

22

23

24

25

26

27

28

## I.     PURPOSES AND LIMITATIONS

     A.     Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.     GOOD CAUSE STATEMENT

**[\*The "Good Cause Statement" should be edited to include or exclude specific information that applies to the particular case, i.e., what harm will result from the disclosure of the confidential information likely to be produced in this case? Below is an example:]**

     A.     This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be

1                                                    STIPULATED PROTECTIVE ORDER

2153967.1

1    privileged or otherwise protected from disclosure under state or federal statutes,

2    court rules, case decisions, or common law.

3           B.       This action is also likely to involve medical records, personnel files,

4    confidential investigation and interview notes, analyses and reports, including but not

5    limited to statements, contact information, personal email addresses and social media

6    "handles," provided by and regarding individuals who are not parties to this

7    litigation, and confidential information for which special protection from public

8    disclosure and from use for any other purpose than prosecution of this action is

9    warranted.

10          C.       Accordingly, to expedite the flow of information, to facilitate the

11   prompt resolution of disputes over confidentiality of discovery materials, to

12   adequately protect information the parties are entitled to keep confidential, to ensure

13   that the parties are permitted reasonable necessary uses of such material in

14   preparation for and in the conduct of trial, to address their handling at the end of the

15   litigation, and serve the ends of justice, a protective order for such information is

16   justified in this matter.  It is the intent of the parties that information will not be

17   designated as ATTORNEYS' EYES ONLY or CONFIDENTIAL for tactical reasons

18   and that nothing be so designated without a good faith belief that it has been

19   maintained in a confidential, non-public manner, and there is good cause why it

20   should not be part of the public record of this case.

21   **III.   DEFINITIONS**

22          A.       Action:  Bernard v. Sanofi-Aventis U.S., Case No. 2:21-cv-07578 AB

23   (ADSx)

24          B.       ATTORNEYS' EYES ONLY information: information (regardless of

25   how it is generated, stored, or maintained) or tangible things that qualify for

26   heightened protection under Federal Rule of Civil Procedure 26(c).

27          C.       Challenging Party:  A Party or Non-Party that challenges the

28   designation of information or items under this Order.

2153967.1

D.   "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

E.   Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

F.   Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."

G.   Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

H.   Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

I.   House Counsel:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

J.   Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

K.   Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

L.   Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3                                                    STIPULATED PROTECTIVE ORDER

2153967.1

1    M.    Producing Party:  A Party or Non-Party that produces Disclosure or

2    Discovery Material in this Action.

3    N.    Professional Vendors:  Persons or entities that provide litigation support

4    services (e.g., photocopying, videotaping, translating, preparing exhibits or

5    demonstrations, and organizing, storing, or retrieving data in any form or medium)

6    and their employees and subcontractors.

7    O.    Protected Material:  Any Disclosure or Discovery Material that is

8    designated as "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY."

9    P.    Receiving Party:  A Party that receives Disclosure or Discovery

10   Material from a Producing Party.

11   **IV.    SCOPE**

12   A.    The protections conferred by this Stipulation and Order cover not only

13   Protected Material (as defined above), but also (1) any information copied or

14   extracted from Protected Material; (2) all copies, excerpts, summaries, or

15   compilations of Protected Material; and (3) any testimony, conversations, or

16   presentations by Parties or their Counsel that might reveal Protected Material.

17   B.    Any use of Protected Material at trial shall be governed by the orders of

18   the trial judge.  This Order does not govern the use of Protected Material at trial.

19   **V.    DURATION**

20   Even after final disposition of this litigation, the confidentiality obligations

21   imposed by this Order shall remain in effect until a Designating Party agrees

22   otherwise in writing or a court order otherwise directs.  Final disposition shall be

23   deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

24   or without prejudice; and (2) final judgment herein after the completion and

25   exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

26   including the time limits for filing any motions or applications for extension of time

27   pursuant to applicable law.

28   Within thirty (30) days after the final termination of this action, any

4                                    STIPULATED PROTECTIVE ORDER

2153967.1

1  documents marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S

2  EYES ONLY" and all summaries and descriptions of such documents shall be

3  returned to counsel for the party that produced such documents.  Counsel may retain

4  their working files, provided that the working files that contain any Discovery

5  Responses marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S

6  EYES ONLY" be maintained in such a manner that access will not be given to any

7  person not authorized to receive the information under this Stipulation and Protective

8  Order.  Confidential Information retained as part of counsel's working files may not

9  be used for any purpose except as expressly set forth in this Stipulation and

10  Protective Order.  The receiving party or its counsel of record shall provide a

11  declaration under penalty of perjury setting forth that all confidential documents and

12  copies thereof have been returned.

13  **VI.     DESIGNATING PROTECTED MATERIAL**

14          A.     Exercise of Restraint and Care in Designating Material for Protection

15                 1.     Each Party or Non-Party that designates information or items for

16  protection under this Order must take care to limit any such designation to specific

17  material that qualifies under the appropriate standards.  The Designating Party must

18  designate for protection only those parts of material, documents, items, or oral or

19  written communications that qualify so that other portions of the material,

20  documents, items, or communications for which protection is not warranted are not

21  swept unjustifiably within the ambit of this Order.

22                 2.     Mass, indiscriminate, or routinized designations are prohibited.

23  Designations that are shown to be clearly unjustified or that have been made for an

24  improper purpose (e.g., to unnecessarily encumber the case development process or

25  to impose unnecessary expenses and burdens on other parties) may expose the

26  Designating Party to sanctions.

27                 3.     If it comes to a Designating Party's attention that information or

28  items that it designated for protection do not qualify for protection, that Designating

5                                    STIPULATED PROTECTIVE ORDER

2153967.1

1  Party must promptly notify all other Parties that it is withdrawing the inapplicable

2  designation.

3          B.        Manner and Timing of Designations

4                    1.        Except as otherwise provided in this Order (*see, e.g.*, Section

5  B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery

6  Material that qualifies for protection under this Order must be clearly so designated

7  before the material is disclosed or produced.

8                    2.        Designation in conformity with this Order requires the following:

9                              a.        For information in documentary form (e.g., paper or

10  electronic documents, but excluding transcripts of depositions or other pretrial or

11  trial proceedings), that the Producing Party affix at a minimum, the legend

12  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (hereinafter

13  "CONFIDENTIAL legend"), to each page that contains protected material.  If only a

14  portion or portions of the material on a page qualifies for protection, the Producing

15  Party also must clearly identify the protected portion(s) (e.g., by making appropriate

16  markings in the margins).

17                              b.        A Party or Non-Party that makes original documents

18  available for inspection need not designate them for protection until after the

19  inspecting Party has indicated which documents it would like copied and produced.

20  During the inspection and before the designation, all of the material made available

21  for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has

22  identified the documents it wants copied and produced, the Producing Party must

23  determine which documents, or portions thereof, qualify for protection under this

24  Order.  Then, before producing the specified documents, the Producing Party must

25  affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

26  If only a portion or portions of the material on a page qualifies for protection, the

27  Producing Party also must clearly identify the protected portion(s) (e.g., by making

28  appropriate markings in the margins).

6

STIPULATED PROTECTIVE ORDER

2153967.1

1        c.      For testimony given in depositions, that the Designating

2    Party identify the Disclosure or Discovery Material on the record, before the close of

3    the deposition all protected testimony.

4        d.      For information produced in form other than document and

5    for any other tangible items, that the Producing Party affix in a prominent place on

6    the exterior of the container or containers in which the information is stored the

7    legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or

8    portions of the information warrants protection, the Producing Party, to the extent

9    practicable, shall identify the protected portion(s).

10       C.      Inadvertent Failure to Designate

11       1.      If timely corrected, an inadvertent failure to designate qualified

12   information or items does not, standing alone, waive the Designating Party's right to

13   secure protection under this Order for such material.  Upon timely correction of a

14   designation, the Receiving Party must make reasonable efforts to assure that the

15   material is treated in accordance with the provisions of this Order.

16   **VII.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

17       A.      Timing of Challenges

18       1.      Any party or Non-Party may challenge a designation of

19   confidentiality at any time that is consistent with the Court's Scheduling Order.

20       B.      Meet and Confer

21       1.      The Challenging Party shall initiate the dispute resolution process

22   under Local Rule 37.1 et seq.

23       C.      The burden of persuasion in any such challenge proceeding shall be on

24   the Designating Party.  Frivolous challenges, and those made for an improper

25   purpose (e.g., to harass or impose unnecessary expenses and burdens on other

26   parties) may expose the Challenging Party to sanctions.  Unless the Designating

27   Party has waived or withdrawn the confidentiality designation, all parties shall

28   continue to afford the material in question the level of protection to which it is

2153967.1

1  entitled under the Producing Party's designation until the Court rules on the

2  challenge.

3  **VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL**

4         A.    Basic Principles

5              1.     A Receiving Party may use Protected Material that is disclosed or

6  produced by another Party or by a Non-Party in connection with this Action only for

7  prosecuting, defending, or attempting to settle this Action.  Such Protected Material

8  may be disclosed only to the categories of persons and under the conditions

9  described in this Order.  When the Action has been terminated, a Receiving Party

10 must comply with the provisions of Section XIV below.

11             2.     Protected Material must be stored and maintained by a Receiving

12 Party at a location and in a secure manner that ensures that access is limited to the

13 persons authorized under this Order.

14        B.    Disclosure of "CONFIDENTIAL" Information or Items

15             1.     Unless otherwise ordered by the Court or permitted in writing by

16 the Designating Party, a Receiving Party may disclose any information or item

17 designated "CONFIDENTIAL" only to:

18                   a.     The Receiving Party's Outside Counsel of Record in this

19 Action, as well as employees of said Outside Counsel of Record to whom it is

20 reasonably necessary to disclose the information for this Action;

21                   b.     The officers, directors, and employees (including House

22 Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

23 Action;

24                   c.     Experts (as defined in this Order) of the Receiving Party to

25 whom disclosure is reasonably necessary for this Action and who have signed the

26 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27                   d.     The Court and its personnel;

28                   e.     Court reporters and their staff;

8                                                           STIPULATED PROTECTIVE ORDER

2153967.1

1          f.      Professional jury or trial consultants, mock jurors, and

2 Professional Vendors to whom disclosure is reasonably necessary or this Action and

3 who have signed the "Acknowledgment and Agreement to be Bound" attached as

4 Exhibit A hereto;

5          g.      The author or recipient of a document containing the

6 information or a custodian or other person who otherwise possessed or knew the

7 information;

8          h.      During their depositions, witnesses, and attorneys for

9 witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the

10 deposing party requests that the witness sign the "Acknowledgment and Agreement

11 to Be Bound;" and (ii) they will not be permitted to keep any confidential

12 information unless they sign the "Acknowledgment and Agreement to Be Bound,"

13 unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of

14 transcribed deposition testimony or exhibits to depositions that reveal Protected

15 Material may be separately bound by the court reporter and may not be disclosed to

16 anyone except as permitted under this Stipulated Protective Order; and

17          i.      Any mediator or settlement officer, and their supporting

18 personnel, mutually agreed upon by any of the parties engaged in settlement

19 discussions.

20     C.     Disclosure of "ATTORNEYS EYES ONLY" Information or Items.

21     Unless otherwise ordered by the court or permitted in writing by the

22 Designating Party, information or items designated "ATTORNEYS' EYES ONLY"

23 shall be viewed and disclosed only to counsel for a Receiving Party and shall not be

24 disclosed to the Receiving Party.  Plaintiff Delaine Bernard is prohibited from being

25 provided any copies of, including electronic copies, or information regarding

26 materials designated ATTORNEYS' EYES ONLY.  Although counsel for a

27 Receiving Party may discuss, describe and otherwise verbally share the contents, or

28 any portion thereof, of ATTORNEYS' EYES ONLY information with a Receiving

9

STIPULATED PROTECTIVE ORDER

2153967.1

Party, the Receiving Party shall not directly view the information, receive a copy of the information, photograph or otherwise copy or memorialize the information, take notes regarding the information or in any manner retain any portion of the information designated ATTORNEYS' EYES ONLY and the Receiving Party shall not disclose, publish, repeat, share, disseminate or use the information designated ATTORNEYS' EYES ONLY in any way whatsoever.  Counsel for a Receiving Party may disclose ATTORNEYS' EYES ONLY INFORMATION only to:

a.    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

b.    the Receiving Party's In-House Counsel and staff;

c.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

e.    the court, and its personnel;

f.    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); Pages of transcribed deposition testimony or exhibits to depositions that reveal ATTORNEYS' EYES ONLY Material must be separately bound by the court reporter and identified as ATTORNEYS' EYES ONLY and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

IX.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED**
       **PRODUCED IN OTHER LITIGATION**

A.    If a Party is served with a subpoena or a court order issued in other

10                          STIPULATED PROTECTIVE ORDER

litigation that compels disclosure of any information or items designated in this

Action as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY," that Party must:

      1.     Promptly notify in writing the Designating Party.  Such

notification shall include a copy of the subpoena or court order;

      2.     Promptly notify in writing the party who caused the subpoena or

order to issue in the other litigation that some or all of the material covered by the

subpoena or order is subject to this Protective Order.  Such notification shall include

a copy of this Stipulated Protective Order; and

      3.     Cooperate with respect to all reasonable procedures sought to be

pursued by the Designating Party whose Protected Material may be affected.

      B.     If the Designating Party timely seeks a protective order, the Party served

with the subpoena or court order shall not produce any information designated in this

action as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" before a

determination by the Court from which the subpoena or order issued, unless the Party

has obtained the Designating Party's permission.  The Designating Party shall bear

the burden and expense of seeking protection in that court of its confidential material

and nothing in these provisions should be construed as authorizing or encouraging a

Receiving Party in this Action to disobey a lawful directive from another court.

## X.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

      A.     The terms of this Order are applicable to information produced by a

Non-Party in this Action and designated as "CONFIDENTIAL."  Such information

produced by Non-Parties in connection with this litigation is protected by the

remedies and relief provided by this Order.  Nothing in these provisions should be

construed as prohibiting a Non-Party from seeking additional protections.

      B.     In the event that a Party is required, by a valid discovery request, to

produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's

STIPULATED PROTECTIVE ORDER

1  confidential information, then the Party shall:

2        1.    Promptly notify in writing the Requesting Party and the Non-

3  Party that some or all of the information requested is subject to a confidentiality

4  agreement with a Non-Party;

5        2.    Promptly provide the Non-Party with a copy of the Stipulated

6  Protective Order in this Action, the relevant discovery request(s), and a reasonably

7  specific description of the information requested; and

8        3.    Make the information requested available for inspection by the

9  Non-Party, if requested.

10      C.    If the Non-Party fails to seek a protective order from this court within

11  14 days of receiving the notice and accompanying information, the Receiving Party

12  may produce the Non-Party's confidential information responsive to the discovery

13  request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

14  not produce any information in its possession or control that is subject to the

15  confidentiality agreement with the Non-Party before a determination by the court.

16  Absent a court order to the contrary, the Non-Party shall bear the burden and expense

17  of seeking protection in this court of its Protected Material.

18  **XI.**    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

19      A.    If a Receiving Party learns that, by inadvertence or otherwise, it has

20  disclosed Protected Material to any person or in any circumstance not authorized

21  under this Stipulated Protective Order, the Receiving Party must immediately

22  (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its

23  best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform

24  the person or persons to whom unauthorized disclosures were made of all the terms

25  of this Order, and (4) request such person or persons to execute the

26  "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

27  / / /

28  / / /

STIPULATED PROTECTIVE ORDER

2153967.1

1  **XII.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

2  **PROTECTED MATERIAL**

3       A.     When a Producing Party gives notice to Receiving Parties that certain

4  inadvertently produced material is subject to a claim of privilege or other protection,

5  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

6  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

7  may be established in an e-discovery order that provides for production without prior

8  privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

9  parties reach an agreement on the effect of disclosure of a communication or

10  information covered by the attorney-client privilege or work product protection, the

11  parties may incorporate their agreement in the Stipulated Protective Order submitted

12  to the Court.

13  **XIII.  MISCELLANEOUS**

14       A.     Right to Further Relief

15            1.     Nothing in this Order abridges the right of any person to seek its

16  modification by the Court in the future.

17       B.     Right to Assert Other Objections

18            1.     By stipulating to the entry of this Protective Order, no Party

19  waives any right it otherwise would have to object to disclosing or producing any

20  information or item on any ground not addressed in this Stipulated Protective Order.

21  Similarly, no Party waives any right to object on any ground to use in evidence of

22  any of the material covered by this Protective Order.

23       C.     Filing Protected Material

24            1.     A Party that seeks to file under seal any Protected Material must

25  comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal

26  pursuant to a court order authorizing the sealing of the specific Protected Material at

27  issue.  If a Party's request to file Protected Material under seal is denied by the

28  Court, then the Receiving Party may file the information in the public record unless

2153967.1

1  otherwise instructed by the Court.

2        D.     Use of Attorneys' Eyes Only Documents at Deposition

3            1.     The Parties agree that Attorneys' Eyes Only documents shall not

4  be used by the designating party to examine an opposing party unless:

5            a.     The information contained in the Attorneys' Eyes Only

6  designated document is available from a non-designated document that is produced

7  to the non-designating party or was produced by the non-designating party; or

8            b.     The examining party withdraws the Attorneys' Eyes Only

9  designation three or more days before the deposition date.

10  **XIV.  FINAL DISPOSITION**

11        A.     After the final disposition of this Action, as defined in Section V, within

12  sixty (60) days of a written request by the Designating Party, each Receiving Party

13  must return all Protected Material to the Producing Party or destroy such material.

14  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

15  compilations, summaries, and any other format reproducing or capturing any of the

16  Protected Material.  Whether the Protected Material is returned or destroyed, the

17  Receiving Party must submit a written certification to the Producing Party (and, if

18  not the same person or entity, to the Designating Party) by the 60 day deadline that

19  (1) identifies (by category, where appropriate) all the Protected Material that was

20  returned or destroyed and (2) affirms that the Receiving Party has not retained any

21  copies, abstracts, compilations, summaries or any other format reproducing or

22  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are

23  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

24  and hearing transcripts, legal memoranda, correspondence, deposition and trial

25  exhibits, expert reports, attorney work product, and consultant and expert work

26  product, even if such materials contain Protected Material.  Any such archival copies

27  that contain or constitute Protected Material remain subject to this Protective Order

28  as set forth in Section V.

2153967.1

B.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  March 21, 2023          CDF LABOR LAW LLP

By: _____*Tashayla Billington*_____
                    Tashayla Billington
Attorneys for Defendant
SANOFI-AVENTIS U.S.

Dated:  March 21, 2023          DOUGLAS/HICKS LAW, APC

By: _____*Jamon R. Hicks*_____
                    Jamon R. Hicks
Attorneys for Plaintiff
DELAINE BERNARD

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:    3/22/2023

                    //s/ Autumn D. Spaeth
                    HONORABLE AUTUMN D. SPAETH
                    United States Magistrate Judge

15                                    STIPULATED PROTECTIVE ORDER

2153967.1

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issue by the United States District Court for the Central District of California on [DATE] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the Court].  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

16                                  STIPULATED PROTECTIVE ORDER

2153967.1